Roland B. Durocher
HARTELIUS, DUROCHER & WINTER, P.C.
118 6th St. South
P.O. Box 1629
Great Falls, MT  59403-1629
(406) 727-4020
rdurocher@mtlawyers.net
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | |
|---|---|
| CHARLES OLD CHIEF,<br>as Personal Representative of the Estate of<br>Sylvia Gawa,<br><br>       Plaintiff,<br><br>-vs-<br><br>UNITED STATES OF AMERICA,<br><br>       Defendant. | Cause No.<br><br>**COMPLAINT** |

Plaintiff, through his attorneys, alleges:

1.     Charles Old Chief is a citizen and resident of Browning, Montana.  He is the personal representative of the Estate of Sylvia Gawa, filed in the Montana Ninth Judicial District Court, Glacier County, Montana, Cause number DP 13-28.

He was the husband of Sylvia Gawa, who died on March 15, 2013. She was survived by her husband and two minor children.

2. This Court has jurisdiction over this case pursuant to the Federal Tort Claims Act, 28 U.S.C. 2671, et seq., in that the claim arises from the Government's conduct in providing health care services at Blackfeet Community Hospital (BCH) in Browning, Montana. BCH is an Indian Health Services (IHS)-funded facility operated by the United States. The negligent acts and omissions that are the subject of this action were committed by the Government's agents and employees while acting within the course and scope of their employment. This Court has exclusive jurisdiction over tort claims brought against the United States pursuant to 28 U.S.C. § 1346(b).

3. This survival and wrongful death action is by Plaintiff in his representative capacity, on behalf of the estate and the heirs and successors in interest of the decedent.

4. The Plaintiff's claim was filed in writing with the United States on March 10, 2014, with additional supporting documentation to complete the claim being submitted June 30, 2014. The United States has not responded, and more than six (6) months has elapsed. Accordingly, Plaintiff has appropriately exhausted his administrative remedies.

4. The acts and omissions giving rise to this claim occurred in Glacier County, Montana, which is within the Great Falls Division. Venue is proper in the Great Falls Division pursuant to Local Rule 3.2(b).

5. On March 14, 2013, Sylvia Gawa was a patient at the Browning IHS Hospital to give birth to her son. Labor was induced, and she gave birth to a healthy baby boy.

6. Following her delivery, she was noted to have a retained placenta, which is a readily treatable condition. An attempt at manual removal was unsuccessful, resulted in tearing and bleeding. A subsequent attempt at removal with curettage was also unsuccessful, and resulted in further blood loss. Attempts to stop the bleeding were insufficient and unsuccessful, including improper use of a Bakri balloon. The facility maintained insufficient blood or blood substitutes to keep up with the blood loss. By the time transport was arranged to get Sylvia to another facility, she had lost too much blood, and died before she could be taken elsewhere.

7. The death of Sylvia Gawa was preventable.

8. The treatment of Sylvia Gawa was negligent, including, but not limited to, failing to recognize the condition presented, failing to treat it properly, and failing to seek outside assistance in time to save her life. To the extent that Sylvia Gawa died because of insufficient supplies, incomplete training of staff, or administrative

delays, such as the inability to obtain blood in a timely fashion, the Defendant was negligent in providing a safe facility in which to deliver a child. The medical care given to Sylvia Gawa was below the standard of care.

9. The negligence of the Defendant's agents or employees (the medical providers at the Browning IHS), was the cause of Sylvia Gawa's death, or a substantial factor in causing her death.

10. As a result of Sylvia Gawa's injuries and death, she suffered damages, including, but not limited to, physical pain and suffering, mental and emotional pain and suffering and distress, loss of enjoyment of life, lost earnings, lost earning capacity, and funeral expenses.

11. As a result of her death, Syliva Gawa's husband, Charles Old Chief, has been left a widower, to raise his children without their mother. As a result of her death, Sylvia Gawa's heirs, including her surviving husband, children and parents, have suffered damages, including, but not limited to, loss of familial consortium, companionship, society, services, care, comfort and advice, grief, sorrow and mental anguish.

12. Plaintiff claims all special and general damages allowable for wrongful death and survivorship for the estate and the heirs.

WHEREFORE, PLAINTIFF PRAYS:

1. For an award of special and general damages for all claims, including wrongful death and survivorship;

2. For costs; and,

3. For all other relief the Court deems appropriate.

Dated this 27th day of February, 2015

                              /s/ Roland B. Durocher
                HARTELIUS, DUROCHER & WINTER, P.C.